**FILED**

MAY 05 2014

DAVID CREWS, CLERK
BY_____ Deputy

## IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, MISSISSIPPI

| | |
|---|---|
| REBECCA ABEL | PLAINTIFF |
| V. | CAUSE NO. 2014-0045 CVL |
| ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY | DEFENDANT |

### COMPLAINT
### (JURY TRIAL DEMANDED)

COMES NOW, Plaintiff REBECCA ABEL, by and through her attorneys of record, and files this, her Complaint against the Defendant, ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY, and alleges the following:

### PARTIES

1. Plaintiff REBECCA ABEL (hereinafter Plaintiff), is an adult resident citizen of Mississippi, residing at 502 North Union Street, Winona, MS 38967.

2. Defendant ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY, (hereinafter referred to as Defendant Allstate), is a corporation whose principle place of business in Northbrook, Illinois, but is authorized to, and does, business in the State of Mississippi. Defendant Allstate may be served with process of this Court through CT Corporation System of Mississippi, its registered agent, located at 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

### JURISDICTION

3. This Court has jurisdiction over the subject matter herein pursuant to the provisions of Section 9-7-81 of the Mississippi Code of 1972, annotated, as

**FILED**

APR 01 2014

LANELLE G. MARTIN, CIRCUIT CLERK
BY _____

amended, in that this cause of action is not made exclusively cognizable in some other Court by either the Constitution or the laws of this state, and by virtue of the fact that the principle amount in controversy exceeds Two Thousand Five Hundred Dollars ($2,500.00).

## VENUE

4. Venue is proper in this Court pursuant to Section 11-11-13 of the Mississippi Code of 1972, annotated, as amended, in that the incidents which gave rise to these claims occurred in Attala County, Mississippi.

## UNDERLYING FACTS

5. Defendant Allstate issued a standard form insurance policy, of Policy Number 985644415 unto Plaintiff in Winona, Mississippi, providing uninsured motorist insurance. The policy had uninsured/underinsured motorist coverage of $25,000 for four (4) vehicles.

6. At all times hereinafter mentioned, the Plaintiff was covered by said policy.

7. On May 3, 2013, Plaintiff was stopped on MS Hwy 12, facing west. Lakrishay Simmons (Simmons) was traveling west on MS Hwy 12. Simmons negligently collided with the rear of Plaintiff's vehicle, causing a collision, and injuries to Plaintiff.

## COUNT ONE: BREACH OF CONTRACT

8. Plaintiff incorporates all paragraphs by reference as though fully set forth herein.

9. Under the terms of the contract of insurance entered into by and between Plaintiff, and Defendant Allstate, protection was afforded by Defendant Allstate in the amount of $25,000 for one insured person injured as a result of bodily injuries

sustained in an automobile accident with an uninsured motorist. The damages incurred by Plaintiff to date, and will incur in the future as a result of the collision, exceed the policy limits of tortfeasor, Simmons, an underinsured. Notwithstanding its contractual obligations to do so, and the amount of damages sustained by Plaintiff, Defendant Allstate, has wholly failed, refused and/or neglected to pay unto the Plaintiff said sums due as a result of the injuries and damages sustained by her, as aforesaid. Therefore, Defendant Allstate is indebted to Plaintiff in the approximate amount of $100,000 utilizing stacking which amount said Defendant Allstate has wholly failed, refused and/or neglected to pay.

10. That as a result of Defendant Allstate's failure and refusals to provide underinsured motorist benefits, Plaintiff has sustained financial harm.

11. That Plaintiff requests this Honorable Court to enter an order compelling Defendant Allstate to meet its contractual and statutory obligation and award Plaintiff damages in the amount not to exceed the jurisdictional amount of this court, plus interest and attorney fees, for Defendant Allstate's unreasonable refusal to pay underinsured motorist benefits.

### DECLARATORY RELIEF

12. Plaintiff incorporates all paragraphs by reference as though fully set forth herein.

13. An actual controversy exists between Plaintiff and Defendant Allstate.

14. That the court must determine the following:

    a. The applicability of the Uninsured Motorist Act to Plaintiff's claim.

 b. The amount of replacement service expenses or other benefits owed to Plaintiff.

 c. Any coverage or policy disputes between Plaintiff and Defendant Allstate.

 d. Other determinations, orders, and judgments necessary to fully adjudicate the rights of the parties.

15. Plaintiff requests that this Honorable Court enter judgment against Defendant Allstate, in the amount not to exceed the jurisdictional amount of this court, plus interest, penalty interest, costs, and attorney fees.

16. Plaintiff is entitled to recover a final judgment of, from, and against Defendant for all the following:

 (a.) A sum in excess of the minimum jurisdictional limitation of this Court, and adequate to reasonably compensate Plaintiff for all actual compensatory and punitive damages suffered by her as a direct and proximate consequence of the accident.

 (b.) Pre- and post-judgment interest as provided by law; and,

 (c.) All costs herein.

## AD DAMNUM

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff, now brings this cause of action against Allstate Property and Casualty Insurance Company, Defendant, and demands judgment of and from the Defendant in the amount of $100,000 or whatever amount which will fairly compensate Plaintiff for her injuries and damages, together with all costs and pre and post judgment interest.

Rebecca Abel, Plaintiff

By: *Carlos E. Moore*
Carlos E. Moore, MSB#100685
Tangala L. Hollis, MSB#103301

Of Counsel:

**MOORE LAW GROUP, P.C.**
P.O. BOX 1487
GRENADA, MS 38902
(662) 227-9940 (phone)
(662) 227-9941 (fax)