IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

REBECCA ABEL                                                                                              PLAINTIFF

V.                                                                                      NO. 4:14-CV-00064-DMB-JMV

ALLSTATE PROPERTY AND
CASUALTY INSURANCE COMPANY                                                         DEFENDANT


**ORDER GRANTING MOTION TO REMAND**

This is an insurance coverage action originally brought in the Circuit Court of Montgomery County, Mississippi, by Plaintiff Rebecca Abel against Defendant Allstate Property and Casualty Insurance Company ("Allstate"). Doc. #2. Before the Court is Abel's motion to remand. Doc. #6.

**I**
**Motion to Remand Standard**

The Judiciary Act of 1789 provides that "any civil action brought in a State court of which the districts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Original federal diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between ... citizens of different States." 28 U.S.C. § 1332(a); *Addo v. Globe Life and Accident Ins. Co.*, 230 F.3d 759, 761 (5th Cir. 2000).

After removal of a case, the plaintiff may move for remand, and "the burden falls on the party seeking to maintain this court's jurisdiction to show that the requirements for removal have been met." *Culpepper v. Wal-Mart Stores East, Inc.*, No. 4:08-cv-16, 2009 WL 387322, at *1

(N.D. Miss. Feb. 13, 2009) (citing *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995)). "If it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The Fifth Circuit has held that the removal statutes are to be construed "strictly against removal and for remand." *Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 106 (5th Cir. 1996).

## II
## Procedural History

On April 1, 2014, Abel filed a complaint in the Circuit Court of Montgomery County, Mississippi. Doc. #2. In her complaint, Abel alleges that Allstate issued an insurance policy that provided her with uninsured motorist insurance. *Id*. ¶ 5. Abel further alleges that while this policy was in effect, she was involved in an automobile accident with an uninsured motorist that resulted in her bodily injury, and that Allstate violated the policy by failing to make the required bodily injury payments. *Id*. ¶¶ 6–9.

Allstate removed the action to this Court on May 5, 2014, on the basis of diversity jurisdiction. Doc. #1. In its notice of removal, Allstate noted that "[t]he Complaint in this matter seeks $100,000.00 in the Prayer for Relief and *ad damnum* clause. This amount in controversy exceeds the amount of $75,000.00 required for diversity jurisdiction to be applicable, making this action removable pursuant to 28 U.S.C. §§ 1332 and 1441." *Id*. ¶ 6.

On June 16, 2014, Abel filed the instant motion to remand. Doc. #6. Simultaneous with filing the motion to remand, Abel submitted an affidavit in which she avers that "the policy had uninsured/underinsured motorist coverage of $25,000 for two (2) vehicles." Doc. #6-2 at ¶ 4. Abel contends that although her complaint seeks $100,000 in damages, the policy limit at the time of the accident was $50,000, an amount below the jurisdictional requirement. Doc. #7 at 2-4. Allstate opposes remand, and argues that because the complaint seeks $100,000 in damages,

2

it was removable on its face. Doc. #9 at ¶ 1. Allstate further contends that remand to Montgomery County is improper, and that Attala County is the correct venue under Mississippi law. *Id*. ¶¶ 7–9.

**III**
**Analysis**

It is axiomatic that diversity jurisdiction exists only "where the matter in controversy exceeds the sum or value of $75,000." 28 U.S.C. § 1332(a). Generally, the amount of damages claimed by the plaintiff controls, as long as the claim is made in good faith. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)). However, "if … it is apparent to a legal certainty that the plaintiff cannot recover the amount claimed or … that the plaintiff never was entitled to recover that amount, and that his claim was therefore colorable for the purpose of conferring jurisdiction, the complaint will be dismissed." *St. Paul Mercury*, 303 U.S. at 289 (citations omitted); *De Aguilar*, 47 F.3d at 1412 (citing *St. Paul Mercury*, 303 U.S. at 289).

"If there is one situation where the amount of a claim can be determined with legal certainty, it is in a case when a claim is asserted on an insurance policy limiting liability." *Payne v. State Farm Mut. Auto. Ins. Co.*, 266 F.2d 63, 64 (5th Cir. 1959) (holding that "amount in controversy was the value of the policy and not the amount claimed in good faith by the plaintiff"). In insurance coverage actions, the amount in controversy is "determined by examining the insurer's potential liability under the policy, *plus* potential attorneys' fees, penalties, statutory damages, and punitive damages." *Hartford Ins. Group v. Lou-Con, Inc.*, 293 F.3d 908, 911 (5th Cir. 2002) (citing *Greenberg*, 134 F.3d at 1253) (emphasis added).

As the party seeking to maintain this Court's jurisdiction, Allstate has the burden of showing that the requirements for removal have been met. *De Aguilar*, 47 F.3d at 1408.

**A. Liability Under Policy**

The complaint alleges that the insurance policy in effect at the time of the underlying accident provided "uninsured/underinsured motorist coverage of $25,000 for four (4) vehicles." Doc. #2 at ¶ 5. On that basis, the breach of contract claim seeks damages "in the approximate amount of $100,000 utilizing stacking ...."[1] *Id* ¶ 9. Similarly, in its titled "AD DAMNUM" section, the complaint states that Abel seeks "judgment of and from the Defendant in the amount of $100,000, or whatever amount which will fairly compensate Plaintiff for her injuries and damages, together with all costs and pre and post judgment interest." *Id.* at 4. Immediately preceding the *ad damnum* clause, the complaint states:

15. Plaintiff requess [sic] that this Honorable Court enter judgment against Defendant Allstate, in the amount not to exceed the jurisdictional amount of this court, plus interest, penalty interest, costs, and attorney fees.

16. Plaintiff is entitled to recover a final judgment of, from and against Defendant for all the following:

    (a.) A sum in excess of the minimum jurisdictional limitation of this Court, and adequate to reasonably compensate Plaintiff for all actual compensatory and punitive damages suffered by her as a direct and proximate consequence of the accident.

    (b.) Pre- and post-judgment interest as provided by law; and,

    (c.) All costs herein.

---

[1] The calculation appears to rely on Mississippi law that permits an insured party injured during an automobile accident to aggregate, or "stack," all uninsured motorist coverage limits applicable to the injured insured. *See generally Meyers v. American States Ins. Co.*, 914 So.2d 669 (Miss. 2005). Subject to the injured party's classification under the Mississippi Motor Vehicle Safety Responsibility Law, the Supreme Court of Mississippi has allowed intrapolicy stacking of the host vehicle's uninsured motorist benefits. *Id.* at 674-75. Thus, Abel's complaint stacked the four $25,000 uninsured motorist coverage limits for a sum of $100,000. For jurisdictional purposes only, and because no party has argued otherwise, the Court presumes that Mississippi law permits stacking in this action.

*Id.* ¶¶ 15–16.

Thus, read as a whole, the complaint seeks $100,000 under the terms of the insurance policy, plus punitive damages, pre- and post-judgment interest, penalty interest, costs, and attorneys' fees.[2]

In seeking remand, Abel asserts that she miscalculated Allstate's potential liability in the complaint. She explains that she mistakenly relied upon her current insurance policy, which provides coverage for four vehicles, rather than the policy in effect at the time of the underlying accident. Doc. #7 at 2–3. Abel points to the insurance policy itself, and to her affidavit, as proof that the policy provided coverage for only two vehicles and, therefore, that Allstate's total potential liability under the policy is only $50,000. *Id.* In its brief opposing remand, Allstate neither addresses Abel's alleged error and subsequent discovery, nor denies Abel's contention that Allstate's total potential liability is, at most, $50,000. Rather, Allstate only argues that the demand for damages in the amount of $100,000 made the complaint removable on its face. Doc. #9 at ¶ 1.

"[A] plaintiff may not defeat removal by subsequently *changing* his damage request, because post-removal events cannot deprive a court of jurisdiction once it has attached." *Asociacion Nacional de Pescadores a Pequena Escala o Artesanales de Colombia v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 566 (5th Cir. 1993), *cert. denied*, 510 U.S. 1041 (1994), *abrogated on other grounds by Marathon Oil Co. v. Ruhrgas*, 145 F.3d 211 (5th Cir. 1998) (emphasis in original). Nevertheless, a court may consider information submitted after removal so long as the court examines the jurisdictional facts as of the time the case is removed.

---

[2] Abel's alternative request for a judgment "in whatever amount which will fairly compensate" is not sufficiently specific to constitute an amount in controversy. *See Moreno v. Tri-National, Inc.*, No. 10-199, 2011 WL 311367, at *2 (S.D. Ill. Jan. 28, 2011) (describing request for judgment "in an amount which will fully and fairly compensate him for his injuries and damages, for his costs and for all other proper relief" as "mere guessing game" that "provides no good faith allegation of the amount in controversy").

5

*Id.* (considering post-removal affidavit where petition left jurisdictional question ambiguous); *accord Greenberg*, 134 F.3d at 1253. A plaintiff may defeat removal "when a subsequent revelation clearly establishes that the plaintiff's claims never could have amounted to the sum necessary to support diversity jurisdiction." *Huber v. Taylor*, 532 F.3d 237, 244 (3d Cir. 2008) (citing *Jones v. Knox Exploration Corp.*, 2 F.3d 181, 183 (6th Cir. 1993)).

Although the Fifth Circuit appears to have not yet expounded on the distinction between subsequent events and subsequent revelations, this Court finds the Sixth Circuit's remarks on the issue instructive:

> [I]f a good-faith claim of sufficient amount is made in the complaint, subsequent events that reduce the amount below the statutory requirement do not require dismissal. A distinction must be made, however, between subsequent events that change the amount in controversy and subsequent revelations that, in fact, the required amount was or was not in controversy at the commencement of the action.

*Jones*, 2 F.3d at 182-83. The Sixth Circuit in *Jones* concluded that the district court lacked subject matter jurisdiction where the plaintiffs, subsequent to filing their complaint, discovered that the true amount in controversy was less than the jurisdictional requirement (then $50,000). *Id.* at 183. In so holding, the Sixth Circuit noted that "[n]o subsequent event changed the amount in controversy; rather, subsequent discovery of the true amount [revealed that] there was never more than $50,000 in controversy …." *Id.*[3]

The discovery that Abel's policy indisputably provided coverage for only two vehicles at the time of the accident is undeniably a subsequent revelation rather than a subsequent event.

---

[3] Four other circuits have adopted or taken notice of the *Jones* "subsequent revelation" rule when considering evidence of the amount in controversy under the *St. Paul Mercury* framework. *See Schubert v. Auto Owners Ins. Co.*, 649 F.3d 817, 823 (8th Cir. 2011) (adopting rule); *State Farm Mut. Auto. Ins. Co. v. Powell*, 87 F.3d 93, 97 (3d Cir. 1996) (adopting rule); *Coventry Sewage Associates v. Dworkin Realty Co.*, 71 F.3d 1, 8 (1st Cir. 1995) (taking notice of rule); *Watson v. Blankinship*, 20 F.3d 383, 387 (10th Cir. 1994) (adopting rule). Additionally, the Second Circuit similarly concluded that upon discovery that the true amount in controversy is below the jurisdictional requirement, "the suit should [be] dismissed for lack of subject-matter jurisdiction." *Tongkook America, Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 786 (2d Cir. 1994).

Abel did not alter the policy to reduce coverage; she simply discovered that she had misstated its terms in her complaint. Her error resulted in her miscalculation of damages, prompting Allstate's removal of this action. Nevertheless, jurisdiction must be assessed based upon the undisputed factual reality that only two vehicles were covered at the time of the accident. *Powell*, 87 F.3d at 97 (evaluating jurisdiction in light of revelation that plaintiff miscounted number of insurance policies at time of accident). Accordingly, utilizing stacking, Allstate's potential liability under the policy in this action is, at most, $50,000.

**B. Punitive Damages**

To the extent the complaint seeks unspecified punitive damages separate from, and in addition to the insurance policy limits, it appears to a legal certainty that Abel cannot recover such damages.

First, the complaint makes no factual allegations that would support an award of punitive damages under Mississippi law. Punitive damages are only appropriate where the plaintiff proves "by clear and convincing evidence that the defendant against whom punitive damages are sought acted with actual malice, gross negligence which evidences a willful, wanton or reckless disregard for the safety of others, or committed actual fraud." Miss. Code Ann. § 11–1–65(1)(a); *see also Brown v. Wal-Mart Store, Inc.*, No. 2:12-cv-125, 2012 WL 4027312, at *3 (S.D. Miss. Sept. 12, 2012). The district court in *Brown* held that although the complaint included "conclusory allegations of 'reckless disregard' and 'gross negligence', the fact allegation at the center of the Complaint—that Plaintiff tripped over a rug at a Wal-Mart store—[did] not appear to support an award of punitive damages under Mississippi law." *Id*.

Here, the complaint asserts one count of breach of contract stemming from Allstate's failure to make bodily injury payments under the insurance policy issued to Abel. Doc. #2 at ¶¶

7

8–11. The complaint does not at any point allege actual malice, gross negligence, or actual fraud. Indeed, the complaint alleges only that "Allstate has wholly failed, refused and/or neglected to pay," and only characterizes that refusal as "unreasonable." *Id.* ¶¶ 9, 11. This language falls short of the conclusory allegations in *Brown*, and entirely short of factual allegations to support an award of punitive damages.

Additionally, the Mississippi Supreme Court has rejected the sort of punitive damages articulated in the complaint. The complaint seeks "all actual compensatory and punitive damages suffered by [Abel] *as a direct and proximate consequence of the accident*." *Id.* ¶ 16(a) (emphasis added). Such broad language reaches beyond Allstate's actions as insurer and encompasses all manner of wrongs committed by the uninsured motorist in the underlying accident. In response to questions certified by the Fifth Circuit,[4] the Mississippi Supreme Court held that Mississippi law does not require an insurer to cover punitive damages that the insured would be legally entitled to collect from an uninsured motorist. *State Farm Mut. Auto. Ins. Co. v. Daughdrill*, 474 So.2d 1048, 1054 (Miss. 1985). The Court reasoned that because the purpose of punitive damages is to punish a tortfeasor and deter others, "[s]uch an award against an insurance company does not deter or punish similar future conduct, and no punishment is imposed on the uninsured." *Id.* at 1052. Accordingly, to the extent Abel seeks punitive damages from Allstate on behalf of the uninsured motorist here, such damages are barred as a matter of law.

### C. Potential Attorneys' Fees

Mississippi has long followed the rule that, with the sole exception of punitive damages cases, attorneys' fees cannot be awarded absent some contractual or statutory authority. *Fulton*

---

[4] *State Farm Mut. Auto. Ins. Co. v. Daughdrill*, 695 F.2d 141 (5th Cir. 1983); *State Farm Mut. Auto. Ins. Co. v. Daughdrill*, 702 F.2d 70 (5th Cir. 1983).

*v. Mississippi Farm Bureau Cas. Ins. Co.*, 105 So.3d 284, 287-88 (Miss. 2012) (collecting cases). The Mississippi uninsured motorists statutory scheme does not authorize the award of attorneys' fees. Miss. Code Ann. § 83-11-101, *et seq.*; *see also Miller v. Allstate Ins. Co.*, 631 So.2d 789, 792 (Miss. 1994). Nor has Allstate alleged that any contractual authority under the insurance policy authorizes an award of attorneys' fees in this action. Thus, because Abel is unlikely to recover punitive damages, she is similarly unlikely to recover attorneys' fees under Mississippi law.

### D. Penalties and Statutory Damages

Additional items to be considered in determining the amount in controversy include penalties and statutory damages—just not interest or costs. *Greenberg*, 134 F.3d at 1253. But penalties and statutory damages may be considered only "when the insurer could be liable for those sums under state law." *Id*. The Fifth Circuit in *Greenberg* determined that a Texas statute mandating eighteen percent per annum on unpaid insurance claims was a penalty rather than interest, and therefore should be included in the jurisdictional amount. *Id.* at 1255 (relying on Texas Supreme Court decisions referring to statute as "penalty"). Here, the parties have not cited, and the Court is unaware of, any Mississippi statute permitting the award of penalties or statutory damages in this action.[5] In the absence of such authority, the Court finds that the pre- and post-judgment interest, penalty interest, and costs sought in the complaint must be excluded from the amount in controversy calculation.

---

[5] Indeed, the case law this Court did find suggests such damages are not permitted. The Mississippi Supreme Court has held that although pre-judgment interest may be awarded in a breach of contract suit, such interest "is not imposed as a penalty for wrong doing; it is allowed as compensation for the detention of money overdue." *U.S. Fidelity & Guar. Co. v. Estate of Francis ex rel. Francis*, 825 So.2d 38, 50 (Miss. 2002) (citation omitted). Similarly, the Court observed that post-judgment interest is required by statute, and its award does not turn on fairness. *Cash Distributing Co., Inc. v. Neely*, 947 So.2d 317, 328 (Miss. 2006) (citing Miss. Ann. Code § 75-17-7). The Court recently rejected an argument that post-judgment interest rates of up to eight percent are "improperly punitive." *Estate of Miles v. Burcham*, 127 So.3d 213, 224 (Miss. 2013).

Allstate has not submitted any evidence of its potential liability for punitive damages, attorneys' fees, penalties, or statutory damages in this action. In sum, Allstate has not carried its burden of proving the jurisdictional amount. Therefore, the Court concludes that the claims against Allstate do not exceed the $75,000 amount-in-controversy threshold. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) ("[D]oubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."). Accordingly, at the time of removal, the Court lacked subject matter jurisdiction over Abel's complaint. In the absence of subject matter jurisdiction, the motion to remand must be granted. *See Lathem v. State Farm Mut. Auto Ins. Co.*, 339 F. Supp. 2d 767, 771 (S.D. Miss. 2007) (remanding case where insurance policy limits did not meet jurisdictional minimum and defendant failed to demonstrate potential attorney's fees).

## IV
## Venue on Remand

Allstate argues that, should this Court determine that remand is appropriate, the action should be remanded to the state court in Attala County, Mississippi. Doc. #9 at ¶ 9. Allstate contends that Montgomery County, where the action was originally brought, is an improper venue because the automobile accident in question occurred in Attala County. *Id.* ¶¶ 7–8. Abel counters that venue is proper where Abel purchased the insurance policy from Allstate—Montgomery County. Doc. #10 at ¶ 5.

The Court need not address the merit of these arguments. "Remand means to 'send back.' It does not mean 'send elsewhere.'" *Thompson v. Conoco*, No. 1:94-cv-199, 1994 WL 1890836, at *6 (N.D. Miss. Dec. 13, 1994) (quoting *Bloom v. Barry*, 755 F.2d 356, 358 (3d Cir. 1985)); *see also Taliaferro v. Goodyear Tire & Rubber Co.*, 265 F. App'x 240, 244 (5th Cir. 2008) (citing *Bloom*, 755 F.2d at 358). The Fifth Circuit in *Taliaferro* concluded that it was

improper for the federal district court to "transfer" pending state law claims from one county court to another within the state, when they were originally filed in and removed from the former. *Taliaferro*, 265 F. App'x at 244. A district court has authority to remand a case "to the State court *from which it was removed*." 28 U.S.C. § 1447(d) (emphasis added). Accordingly, the Court will remand this cause of action to the Circuit Court of Montgomery County, Mississippi. Whether a transfer from that forum to Attala County might be appropriate is a question for the state courts to resolve.

## V
## Conclusion

For the reasons above, Abel's motion to remand, Doc. #6, is **GRANTED**. This matter is **REMANDED** to the Circuit Court of Montgomery County, Mississippi.

**SO ORDERED**, this 23rd day of March, 2015.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**